IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03339-M

| | |
|---|---|
| COURTNEY GARVIN PARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DR. CHARLES CLOUTIER, DR. ) | |
| ALLYSON SHARF, and DR. LOGAN ) | |
| GRADDY, ) | |
| ) | |
| Defendants. ) | |

Courtney Garvin Partin ("plaintiff") filed this action, pro se, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter now is before the court on defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, motion for summary judgment pursuant to Rule 56(a) (DE 32). For the following reasons, the court grants defendants' motion.

## STATEMENT OF THE CASE

On November 23 2022, plaintiff was civilly committed to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4241(d) for treatment. See United States v. Partin, No. 3:21-CR-58-KAC-DCP (E.D. Tenn. Nov. 23, 2022). Plaintiff was confined at the Federal Medical Center in Butner, North Carolina ("FMC Butner"). ((DE 35-1) ¶ 4). On December 8, 2023, plaintiff filed the instant pro se complaint pursuant to Bivens, and named the following defendants: Warden Scarantino ("Scarantino"), Dr. Charles Cloutier ("Cloutier"), Dr. Allyson Sharf ("Sharf"), Dr. Logan Grady ("Grady"), Jane Doe Nurse, and John Doe officers. On March 13, 2024, the

court conducted an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The court dismissed without prejudice the John and Jane Doe defendants but allowed plaintiff to proceed with the remainder of his Bivens action.

On August 7, 2024, defendants filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded, and set forth new allegations. On October 3, 2024, the court entered an order construing plaintiff's response as a motion to amend his complaint, granting plaintiff's motion to amend, and denying as moot defendants' motion to dismiss. The court, additionally, directed plaintiff to particularize his allegations by filing one amended complaint. See (DE 25). Plaintiff subsequently filed his amended complaint. See (DE 26). Plaintiff again named as defendants Scarantino, Cloutier, Sharf, and Graddy, as well as several John and Jane Doe defendants. Plaintiff alleged the following claims: defendant Scarantino "runs and enforces" a policy requiring inmates to submit to a tuberculosis ("TB") skin test which violates his religious rights; defendants Sharf, Cloutier, and Graddy ordered medical staff to restrain him and to draw his blood without his permission on September 13, 2023 in violation of the Eighth Amendment; defendants Sharf, Cloutier, and Graddy ordered his forced medication on September 12, 2023, October 23, 2023, and November 20, 2023; and defendants violated his rights pursuant to the Equal Protection Clause. As relief, plaintiff requests "[a] policy change for religious freedoms on TB skin test: alternate chest xray" as well as monetary damages. ((DE 26), p. 8).

On November 19, 2025, the court conducted an initial review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The court allowed plaintiff to proceed with the following two claims against defendants Sharf, Cloutier, and Graddy: (1) defendants ordered medical staff to restrain him and to draw his blood without his permission on September 13, 2023

in violation of the Fifth Amendment to the United States Constitution;[1] and (2) defendants ordered his forced medication on September 12, 2023, October 23, 2023, and November 20, 2023 in violation of the Fifth Amendment to the United States Constitution.[2] The court dismissed the remaining claims and defendants. See (DE 27).

On February 18, 2025, defendants filed a motion to dismiss, or in the alternative, for summary judgment pursuant to Rule 56(a). Defendants also filed a statement of material facts, with an attached appendix, which included the following: declarations from each defendant; the order of commitment; the Federal Bureau of Prison's ("BOP") policies and procedures regarding psychiatric evaluations and treatment; involuntary medication hearing materials for plaintiff; and portions of plaintiff's medical records. Plaintiff responded, and attached a declaration as well as other documents.

On September 26, 2024, the United States District Court for the Eastern District of Tennessee found defendant mentally competent to proceed in his criminal action. See Partin, No. 3:21-CR-58 at (DE 185). On July 9, 2025, plaintiff was convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Id. at (DE 296).

**STATEMENT OF FACTS**

Plaintiff's amended complaint states in pertinent part:

> I step[p]ed of[f] the bus at Butner F.M.C. September 12, 2023. Warden Thomas Scarantino runs and enforces policys. There, I was told [] policy required me to be given a TB skin test and I asked if I

---

[1] Plaintiff cites the Eighth Amendment in connection with this claim. However, plaintiff was a civil detainee at the time his cause of action arose. Thus, plaintiff's claim implicates the Fifth Amendment's Due Process Clause and not the Eighth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389, 400-01 (2015); Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Hicks v. James, 255 F. App'x 744, 748 (4th Cir. Nov. 28, 2007).

[2] Plaintiff cites the Fourteenth Amendment in connection with this claim. However, the fourteenth Amendment does not apply to federal actors. See Starbuck v. Willsburg James City County School Board, 28 F.4th 529, 537 (4th Cir. 2022); Menk v. Mitre Corporation, 713 F. Supp. 3d 113, 159 (D. Md. Jan. 29, 2024). Accordingly, the court construes plaintiff's due process claim as one pursuant to the Fifth Amendment only. Id.

3

take a chest x-ray because Religious Freedoms and I was told it would cost too much money and even the officer have to take it. I refused it and 3 officers John Doe's come in told me to cuff up, and I did. The Jane Doe nurse came in and they slam me face first into the wall and she stabbed me with a needle at intake. Warden Thomas Scarantino, 3 John Doe officer and a Jane Doe Nurse.

On September 12, 2023, a misdiagnosis was made by Doctor Alyson Sharf and I was put in soft restraints (cuffed hands and legs butt naked stretched out on a piece of concrete) by 3 or more John Doe officers and a Jane Doe nurse forced a shot in my right arm, John Doe officer put his fist on my neck so I wouldn't move, I had been placed on suicide watch at mental health unit. Allyson Sharf and 4 or more John Doe officers and a Jane Doe nurse.

On September 13, 2023, plaintiff was ordered to give blood. A John Doe officer held me and an Jane Doe nurse was very ruff with me and busted a vein in my arm (a 3 inch round). Black place came up where she stabbed me. Ordered by Doctors Allyson Sharf, Charles Cloutier, and Logan Graddy.

On October 23, 2003, by administrative hearing from October 5, 2023, I was involuntarily medicated pursuant to a Washington v. Harper hearing by the committee that determined that I met the criteria. That was Doctors Charles Cloutier, Allyson Sharf, and Logan Graddy. This misdiagnosis was made and it was ordered that I be forced a shot and John Doe doctor and Jane Doe nurse carried out them orders. Doctors Cloutier, Sharf and Graddy and John Doe officer and Jane Doe nurse.

Again on November 20, 2023 by orders from the committee that determined that I met the criteria Doctors Charles Cloutier, Allyson Sharf and Logan Graddy, I was forced a shot in my left arm. Again, John Doe officer and Jane Doe nurse did there job. Doctors Cloutier, Sharf and Logan and John Doe officer and Jane Doe nurse. . . .

My injuries were a . . . complete violation and denial of cruel and unusual punishment of the Eighth Amendment and complete violation the Fourteenth Amendment of due process of equal protection of the law. And deprived of my libert[ies] without due process of the privileges of citizens of the United States on the First, Eighth, and the Fourteenth Amendments to the United States Constitution.

> Doctors Charles Cloutier, Allyson Sharf and Logan Graddy acted with supervisory control and authorized and approved, they ordered, and acted with deliberate indifference to my medical needs and care. They watched while others assaulted me and denied libert[ies] and the Due Process Clause.

((DE 26), pp. 5-7).

## DISCUSSION

A.  Standards of Review

Defendants move to dismiss plaintiff's action for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). A complaint must allege enough facts to state a claim for relief that is facially plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

Defendants, alternatively, move for summary judgment pursuant to Rule 56(a). Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett,

5

477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

B. Analysis

    1. Availability of a Bivens Remedy

As a threshold issue, the court must determine whether a Bivens remedy extends to plaintiff's constitutional claims. A Bivens claim is "a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." Hall v. Clinton, 235 F.3d 202, 204 (4th Cir. 2000); see Egbert v. Boule, 596 U.S. 482, 490 (2022); Ziglar v. Abbasi, 582 U.S. 120, 129-134 (2017). In Bivens, the Supreme Court held that a Fourth Amendment violation by "a federal agent acting under color of his authority gives rise to a cause of action for damages[.]" Bivens, 403 U.S. at 389; see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66–67 (2001); Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). In finding an implied cause of action for damages, the Supreme Court held that "Congress had not foreclosed a damages remedy in explicit terms and that no special factors suggested that the Judiciary should hesitate in the face of congressional silence." Abbasi, 582 U.S. at 131 (quotations and alteration omitted); see Bivens, 403 U.S. at 396–97.

The Supreme Court decided Bivens nearly four decades ago, but the Supreme Court has found an implied cause of action for damages arising from a constitutional violation in only two

6

other cases: (1) Davis v. Passman, 442 U.S. 228 (1979), a Fifth Amendment Due Process Clause case involving a congressional employee alleging gender discrimination, and (2) Carlson v. Green, 446 U.S. 14 (1980), an Eighth Amendment Cruel and Unusual Punishments Clause case involving a prisoner denied adequate medical treatment. See Egbert, 596 U.S. at 490-91. The Supreme Court has warned that expanding Bivens is disfavored. See id. at 491; Abbasi, 582 U.S. at 135. Moreover, since Carlson, the Supreme Court has "consistently refused to extend Bivens to any new context or new category of defendants." Abbasi, 582 U.S. at 135; see Egbert, 596 U.S. at 482; Malesko, 534 U.S. at 68; Holly, 434 F.3d at 289.

Courts should be cautious before extending Bivens to "any new context or new category of defendants." Abbasi, 582 U.S. at 135 (quotation omitted). In assessing whether a case involves a "new context" the Supreme Court stated:

> If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, the context is new. Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive. A case might differ in a meaningful way because of the rank of officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusions by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

Id. at 139-40.

A court should not extend Bivens to a "new context" where special factors warrant hesitation. See Abbasi, 582 U.S. at 136-37; Egbert, 596 U.S. at 142. The "special factors" inquiry focuses "on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Abbasi, 137

7

S. Ct. at 1857–58; see Egbert, 596 U.S. at 492. A court should not extend Bivens to a "new context" where Congress has provided an alternative remedy, even if such remedy does not afford complete relief. See Egbert, 596 U.S. at 493.

Plaintiff alleges defendants Cloutier, Sharf, and Graddy ordered his forced medication on September 12, 2023, October 23, 2023, and November 20, 2023 in violation of the Due Process Clause of the Fifth Amendment. Plaintiff's Fifth Amendment claim in connection with the alleged administration of involuntary medication presents a new Bivens context. See Taylor v. United States, No. 22-CT-03126-M, 2023 WL 1989688, at *2-3 (E.D.N.C. Jan. 25, 2023), aff'd, 2023 WL 3676777 (4th Cir. 2023); Perkins v. Klein, No. 25-cv-438, 2025 WL 1118649, at *2-3 (D. Minn. Mar. 7, 2025), adopting R&R, 2025 WL 1115036 (Apr. 15, 2025); Perkins v. Daniels, No. 24-cv-1094, 2024 WL 2980670, at * 2-3 (D. Minn. Apr. 12, 2024), adopting R&R, 2024 WL 2978332 (June 13, 2024), aff'd, 2024 WL 5319088 (8th Cir. 2024); Faller v. United States Dept. of Justice, No. 3:23-cv-526-BJB, 2024 WL 4369902, at *4 (W.D. Ky. Sept. 30, 2024); Johnson v. Cauthen, No. 4:24-3667-JFA-TER, 2024 WL 4186089, at *3 (D.S.C. July 1, 2024), adopting R&R, 2024 WL 3823496 (D.S.C. Aug. 15, 2024); Perales v. Daniels, No. 23-cv-781, 2023 WL 3061198, at *3 (D. Minn. Apr. 24, 2023), aff'd, 2023 WL 9066838 (8th Cir. 2023).

And special factors, including the availability of alternative remedies and that Congress has not provided prisoners with a damages remedy, counsel hesitation. See id.; Abassi, 582 U.S. at 148; Egbert, 596 U.S. 491–92; see also, Perkins, 2024 WL 2980670, at *3. Thus, plaintiff's Fifth Amendment claim pursuant to Bivens which seeks monetary damages only is DISMISSED for failure to state a claim.

To the extent plaintiff alleges an excessive force claim pursuant to the Fifth Amendment, he may not proceed with this claim pursuant to Bivens. See Goldey v. Fields, 606 U.S. 942, 944

8

(2025); Carthen v. Lafave, No. 7:22-cv-00201, 2025 WL 1870929, at *4 (W.D. Va. July 7, 2025). Additionally, the Fourth Circuit has held that a Bivens remedy is not available for any conditions of confinement claims. See Tun-Cos v. Perrotte, 922 F.3d 514, 521 (4th Cir. 2019); Tate v. Harmon, 54 F.4th 839, 841-42 (4th Cir. 2022) (holding Bivens remedy not authorized for Eighth Amendment conditions of confinement claim). Thus, any excessive force or conditions of confinement claims are DISMISSED.[3] See 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Motion to Dismiss for Failure to State a Claim

Defendants argue plaintiff fails to state a claim for deliberate indifference to his serious medical needs. As stated, a federal civil detainee's challenge to conditions of confinement arises under the Due Process Clause of the Fifth Amendment to the United States Constitution. See Kingsley v. Hendrickson, 576 U.S. 389, 400–01 (2015); Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Mays v. Sprinkle, 992 F.3d 295, 300 (4th Cir. 2021); Hicks v. James, 255 F. App'x 744, 748 (4th Cir. Nov. 28, 2007); Aslanturk v. Hott, 459 F. Supp. 3d 681, 698-99 (E.D. Va. 2020). As a practical matter, however, the Due Process Clause analysis is materially indistinguishable from an Eighth Amendment analysis. See Brown v. Harris, 240 F.3d 383, 388–89 (4th Cir. 2001); Thomas v. Federal Medical Center, No. 5:11-CT-3048-D, 2011 WL 13176676, at *2 (E.D.N.C. Sept. 23, 2011), appeal dismissed, 474 F. App'x 903 (4th Cir. Aug. 2, 2012).

To establish an Eighth Amendment claim for deliberate indifference to medical needs, "the plaintiff is required to prove an objective component and a subjective component." Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted). The objective component requires a "serious" medical condition either "diagnosed by a physician as mandating treatment" or "so obvious that even a lay person would easily recognize the necessity for a doctor's

---

[3] The court declines to address whether a Bivens remedy is available for plaintiff's claim related to the blood draw on September 13, 2023, because plaintiff clearly fails to state a claim as set forth below.

attention." Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) (quoting Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)); see also, Farmer v. Brennan, 511 U.S. 825 (1994). The subjective component "requires that the prison official acted with deliberate indifference to inmate health or safety, meaning that the official had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Short v. Hartman, 87 F.4th 593, 612 (4th Cir. 2023) (internal quotation marks omitted).

Plaintiff asserts defendants ordered medical staff to restrain him and to draw his blood without his permission on September 13, 2023. A forced blood draw alone does not violate the Eighth or Fifth Amendment. See McDougald v. Stone, No. 18-3294, 2019 WL 1502513, *3-4 (6th Cir. Jan. 8, 2019); see also Hamilton v. Brown, 630 F.3d 889, 897 (9th Cir. 2011); Nicholas v. Goord, 430 F.3d 652, 676 (2d Cir. 2005) (noting in the concurrence that a blood draw is "quite a minor intrusion, of the sort that ordinary citizens voluntarily submit to routinely for medical purposes"); Meeks v. Campbell, No. 19-10868, 2020 WL 5902272, at *3 (E.D. Mich. Oct. 2, 2020) ("Being stuck with a needle for a blood draw can be painful, but is not the type of unnecessary and wanton infliction of pain that constitutes cruel and unusual punishment."); McDougald v. Erdos, No. 1:17-cv-464, 2018 WL 2388400, at *3 (S.D. Oh. May 25, 2018), adopting R&R, 2018 WL 4573287 (Sept. 25, 2018), aff'd, 2019 WL 5105456 (6th Cir. Aug. 22, 2019); Guinn v. McEldowney, No. 2:14-CV-13085, 2014 WL 4489588, at *3 (E.D. Mich. Sept. 10, 2014) ("[S]everal courts have ruled that a forced blood draw, even when performed poorly and causing injury, is not the sort of conduct and/or harm that rises to the level of a Eighth Amendment violation.").

Here, plaintiff fails to allege any defendant had the subjective intent to cause plaintiff harm in connection with the blood draw or intended to cause plaintiff to sustain a burst vein. At most,

plaintiff alleges a disagreement with his medical care, which does not state a constitutional claim. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) ("Though hindsight suggests that Lightsey's treatment decisions may have been mistaken, even gravely so, we agree with the district court that Jackson's claim against Lightsey is essentially a disagreement between an inmate and a physician over the inmate's proper medical care, and we consistently have found such disagreements to fall short of showing deliberate indifference." ); see also, Koon v. North Carolina, 50 F.4th 398, 406 (4th Cir. 2022) ("It is not enough simply to point to what could or should have been done. That is the language of negligence. Deliberate indifference requires a "deliberate or conscious choice" to ignore something." ); Perkins, 2024 WL 2978332, at *4. Based upon the foregoing, plaintiff fails to allege a Fifth Amendment claim.[4]

To the extent plaintiff alleges his involuntary medication violated the Fifth or Eighth Amendment, he fails to state a claim. Plaintiff's allegations that defendants' decision was based upon a misdiagnosis constitutes a disagreement with defendants' evaluation methods and recommended course of treatment, which does not establish deliberate indifference. See Estelle, 429 U.S. 107; Jackson, 775 F.3d at 178 (4th Cir. 2014); see also, Koon, 50 F.4th at 406. Deliberate indifference requires a "deliberate or conscious choice" to ignore something." ); Perkins, 2024 WL 2978332, at *4. Based upon the foregoing, defendants' motion to dismiss is GRANTED as to this claim.

To the extent plaintiff raises new claims regarding the discovery process in his criminal action, such allegations are not properly before the court. See Southern Walk at Broadlands

---

[4] To the extent plaintiff's complaint could be construed as alleging any defendant violated his Fifth Amendment rights in connection with his TB test, he does not allege any named defendant had any personal involvement with the administration of his TB test. Thus, plaintiff fails to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep' t of Soc. Servs., 436 U.S. 658, 691– 92 (1978).

11

Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013); Barclay White Skanska, Inc. v. Battelle Mem'l Inst., 262 F. App'x 556, 563 (4th Cir. 2008) (citation omitted); see also, Arflin v. Stephan, No. 1:21-cv-00542-RMG-SVH, 2021 WL 6620370, at *9 (D.S.C. Oct. 14, 2021); Miles v. Owen, No. 4:12–998–MGL, 2013 WL 227766, at *2 (D.S.C. Jan. 22, 2013) ("The Court ... declines to address Petitioner's new claims which he raises for the first time in his response and sur-reply. To the extent that Petitioner's response in opposition to the motion to dismiss presents issues and claims not contained in his Petition, these claims are not properly before the court."). Based upon the foregoing, plaintiff's new claims are DISMISSED without prejudice.

## CONCLUSION

In summary, defendants' motion to dismiss, or in the alternative, for summary judgment (DE 32) is GRANTED. See also, 28 U.S.C. §1915(e)(2)(B)(ii). Any new claims are DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED this 10th day of September 2025.

RICHARD E. MYERS II
Chief United States District Judge